IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA A. MRAZ                    :
                                  :
        PLAINTIFF,                :
    v.                            :
                                  :
AETNA LIFE INSURANCE COMPANY      :      (3:12-CV-805)
                                  :
        DEFENDANT.                :      (JUDGE RICHARD P. CONABOY)
                                  :
_____

**MEMORANDUM**

We consider here a Motion to Dismiss (Doc. 11) Counts II and III of Plaintiff's Amended Complaint (Doc. 9) that was filed August 1, 2012, by Aetna Life Insurance Company ("ALIC"). [1] This Motion has been briefed (Docs. 12 and 14) and is ripe for disposition.

**I.   Background**

Plaintiff's decedent, David J. Mraz ("Mraz"), died on September, 2009 as a result of injuries sustained in an accident while driving an all-terrain vehicle.  At the time of his death, Mraz was employed by General Dynamics Corporation ("Employer"). Pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002 et seq., ("ERISA"), the Employer provided a Welfare Benefit Plan ("Plan") for the benefit of its employees.  That Plan included both basic and supplemental life insurance coverage for eligible

---

[1] ALIC had previously filed a Motion to Dismiss (Doc. 7) Plaintiff's original Complaint (Doc. 4) which was not briefed in accordance with Local Rule 7.6 and will be deemed withdrawn. Plaintiff's Amended Complaint was filed as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and now represents Plaintiff's sole pleading in this matter.

1

employees. Mraz was such an eligible employee.

Mraz applied initially for basic coverage in the amount of his annual basic earnings and later requested supplemental coverage in the amount of twice his annual basic earnings. Pursuant to certain requirements of the Plan, he submitted an Evidence of Insurability Statement ("EOI") to ALIC on November 11, 2008 and received EOI approval the next day, November 12, 2008. Plaintiff contends that, pursuant to the terms contained in the Summary of Coverage ("Summary") of the Group Life and Accident and Health Insurance Policy ("Policy") of the Plan, Mraz's coverage became effective no later than the date - - November 12, 2008 - - ALIC approved the EOI. Plaintiff contends further that Mraz paid all premiums on both his basic and supplemental life insurance policies from November of 2008 until his death in September of 2009.

ALIC ultimately denied Plaintiff's claim for supplemental life insurance benefits on May 11, 2010. ALIC'S denial of supplemental coverage was predicated on its position that, because Mraz's death occurred within two years of its (ALIC'S) approval of his supplemental coverage, it was permitted to investigate Mraz's health history prior to his application for supplemental coverage. ALIC then ruled the Policy inapplicable and denied coverage because Mraz's EOI did not accurately reflect the state of his medical records at the time he applied for supplemental coverage. Essentially, ALIC contends that because Mraz did not disclose that

2

he had been diagnosed with bipolar affective and generalized anxiety disorders, ALIC'S decision to approve his EOI was based on "material misstatements" and, hence, its duty to pay supplemental benefits was vitiated.

There certainly exists a dispute as to whether Mraz was ever actually diagnosed with the mental health problems which ALIC relied upon to deny the supplemental coverage that Mraz thought he had purchased.[2] There is also a potential dispute as to whether, even if Mraz was diagnosed with said mental health problems, ALIC's refusal to provide benefits inevitably flowed from its "Medical Underwriting Guidelines".

ALIC has moved to dismiss Counts II and III of Plaintiff's Amended Complaint. ALIC's Motion to Dismiss these counts is based upon its contention that the relief Plaintiff seeks--payment of money damages in the form of life insurance benefits--is not available pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), the statutory grounds underlying Counts II and III of the Amended Complaint.

## II. Legal Standard

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme

---

[2] Plaintiff contends that the "diagnosis" of bipolar disorder is inaccurate because it was the assessment of a physician's assistant and not a diagnosis of a medical doctor. (Doc. 9, Para. 47).

3

Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan,* 577 F.3d at 530. The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of*

4

> *Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )].  As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint
> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'" *Iqbal*,
> 129 S. Ct. at 1949.  This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

**III. Discussion.**

   A.   Count II

Count II of the Amended Complaint seeks "all appropriate relief, injunctive or otherwise, available at law and inequity." (Doc 9, p. 71).  However, Count II is devoid of any specificity as to what mode of equitable relief Plaintiff seeks.  It is predicated on 29 U.S.C. § 1132 (a)(2) which provides for claims "by a participant, beneficiary or fiduciary for appropriate relief under § 1109 [of ERISA]". Section 1109 states, in pertinent part:

5

> (A) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter <u>shall be personally liable to make good to such plan any losses to the plan</u> resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary. (Emphasis supplied).

The express language of § 1109 clearly indicates that its purpose is to insure that no fiduciary will take any action to impair the ability of an ERISA plan to meet its financial obligations. Thus, actions under § 1109 must have the purpose of eliminating some harm to the plan itself. Indeed, the Supreme Court has declared that "...the entire text of § 409 [now § 1109] persuades us that Congress did not intend that section to authorize any relief except for the plan itself." *Massachusetts Mutual Life Insurance Company v. Russell,* 473 U.S. 134, 144 (1985).

Plaintiff argues that there are exceptional situations in which the general rule of *Massachusetts Mutual v. Russell, supra*, does not apply. Citing <u>La Rue v. De Wolff, Boberg & Associates, Inc.</u>, 552 U.S. 248 (2008), Plaintiff contends that hers is a situation where the general rule should be set aside. The holding

in *La Rue, supra*, authorized relief under 29 U.S.C. § 1132 (a)(2) in the context of a situation where the Plaintiff was seeking personal relief that would also increase the assets of the ERISA plan to which he belonged. The Supreme Court in La Rue ruled essentially that, because the relief sought would, if granted, increase to some extent the value of the plan, it was appropriate for Mr. La Rue to use Section 1132(a)(2) as a vehicle to pursue both personal benefit and benefit to the plan. However, the factual scenario in the instant case does not mirror that in La Rue. Here Plaintiff's prayer seeks no discernible benefit to the Plan and is designed only to benefit her personally. For that reason we find La Rue inapposite and find that this case should be adjudicated under the general rule expressed in *Massachusetts Mutual v. Russell*.

Nothing in Count II of Plaintiff's Amended Complaint is designed to do anything to protect the Plan. To the contrary, the gist of Count II is that alleged misrepresentations by ALIC resulted in financial detriment to the Plaintiff. Plaintiff's ultimate object is to secure monies from the Plan and, to the extent Plaintiff succeeds in this regard, the assets of the Plan would necessarily be depleted rather than protected. That being the case, Count II of Plaintiff's Amended Complaint is not viable under 29 U.S.C. § 1132 (a)(2) because the law of our circuit is that "damages for breach of fiduciary duty under ERISA 'do not go

7

to any individual plan participant or beneficiary, but inures to the benefit of the Plan as a whole.'" Doyle v. Nationwide Insurance 240 F.Supp. 2d. 328, 349, (E.D.Pa. 2003) (citing McMahon v. McDowell, 794 F.2d, 100, 109 (3d Cir. 1986).

Thus, Plaintiff's effort to secure to herself financial benefit from the Plan, while perhaps appropriate and legally cognizable under 29 U.S.C. § 1132 (a)(1)(B), which is the statutory basis for Count I of her Amended Complaint, is inconsistent with the underlying purpose - - protection of plan assets - - of 29 U.S.C. § 1132 (a)(2). Accordingly, Count II of Plaintiff's Amended Complaint does not state a cause of action upon which relief can be granted and Count II will be dismissed.

B.   Count III

Like Count II, Count III of Plaintiff's Amended Complaint seeks "all appropriate relief, injunctive or otherwise, available at law and in equity." (Doc. 9, Para. 81). Like Count II, Count III articulates no suggestion as to what equitable relief would be appropriate here. And, like Count II, Count III is calculated to make Plaintiff whole with respect to Plan benefits that she believes were wrongfully denied her. Count III is based upon 29 U.S.C. § 1132 (a)(3) which states:

(a)   a civil action may be brought-

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this

subchapter or the terms of the plan or (B) to obtain other
appropriate equitable relief (i) to redress such violations or
(ii) to enforce any provisions of this subchapter or the terms
of the plan.

The Supreme Court has ruled that overlapping claims for recovery of ERISA benefits and breach of fiduciary duty cannot be maintained under § 1132 (a)(3) when another portion of ERISA provides adequate relief for a beneficiary's injury. *Varity v. Howe,* 516 U.S. 489, 515 (1996). The holding in *Varity, supra,* flowed from the Supreme Court's assessment that Section 1132 (a)(3) is a "catchall" provision that provides only for equitable relief for damages that lack an appropriate remedy elsewhere in Section 1132. *Varity* at 512. Our circuit has interpreted *Varity* to mean that "where Congress otherwise has provided for appropriate relief for injuries suffered by a beneficiary, further equitable relief ought not be provided." *Ream v. Frey,* 107 F.3d 147, 152 (3d. Cir. 1997). Because Plaintiff may realize all benefits to which she is conceivably entitled pursuant to Count I, of her Amended Complaint, we must conclude that Count III is the sort of duplicative claim counseled against by *Varity and Ream*, *supra.*

While Plaintiff characterizes Count III as a "Failure To Comply With Plan Terms", a fair reading of Count III reveals that it, like Count II, is based on Plaintiff's allegations that ALIC breached its fiduciary duty to Plaintiff by a series of actions

9

that are detailed in Paragraph 79 of the Amended Complaint.[3] Plaintiff does have an appropriate remedy elsewhere in ERISA and has articulated it as "Count I - Recovery of Benefits Due" of its Amended Complaint. Thus, Count III is, at its core, duplicative of Count I and is also the type of overlapping claim prohibited by Varity and Ream, supra.

**IV. Conclusion**

Sound policies expressed in the various decisions cited in the previous sections of this Memorandum preclude Plaintiff's prayer for some unspecified equitable relief in Counts II or III. This Court also has reservations concerning whether Plaintiff has standing to request any alteration in the manner in which ALIC administers the Plan since she has no stake in the Plan going forward. Count I of her Amended Complaint survives and, should she prove the allegations expressed therein, Plaintiff will be made whole. An appropriate Order follows.

DATED: October 17, 2012            S/Richard P. Conaboy
                                   Judge Richard P. Conaboy
                                   United States District Court

---

[3] The instant case is similar to that confronted by our colleague, Judge Caputo, in Emil v. Unum Life Insurance Company of America, No. 02-2019, 2003 WL 256781 (M.D. Pa. 2003). In Emil, Judge Caputo found that a breach of fiduciary duty claim pursuant to Section 1132 (a)(3) could not go forward because it was "no more than a claim that Defendant wrongfully denied him benefits under the terms of the plan." We perceive Count III in the instant case as exactly the sort of situation Judge Caputo confronted in Emil and, because the Plaintiff in Emil could, like the Plaintiff Mraz in our case, receive complete relief under Section 1132 (a)(1), we find Emil persuasive to support our holding that Count III of the Amended Complaint in the instant case cannot go forward.