```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

SANDRA A. MRAZ                  :
                                :
        PLAINTIFF,               :
    v.                           :
                                :
AETNA LIFE INSURANCE COMPANY    :    (3:12-CV-805)
                                :
        DEFENDANT.               :    (JUDGE RICHARD P. CONABOY)
                                :

_____

Memorandum

We consider here the Motion to Compel Discovery Responses (Doc. 39) filed by Plaintiff Sandra A. Mraz ("Mraz")("Plaintiff")on August 28, 2013. Said motion has been fully briefed by the parties (Docs. 40 and 41) and is now ripe for disposition. The motion seeks production of several kinds of documentation regarding the information Defendant Aetna Life Insurance Company, Inc., ("Aetna") relied upon in denying Plaintiff's decedent's claim for ERISA benefits.

**A.   Background.**

This case is an ERISA action in which Mraz seeks supplemental insurance benefits for which her husband had applied and paid premiums prior to his accidental death on September 13, 2009. Because Plaintiff's decedent died less than two (2) years after submitting an Evidence of Insurability Form ("EOI") required for coverage, Aetna contends that a non-contestability clause in the relevant ERISA Plan permitted Aetna to look into the accuracy of

1

Plaintiff's decedent's application for coverage.

After reviewing Plaintiff's decedent's application and obtaining his medical records, Aetna denied coverage on the basis that he had misrepresented the state of his mental health by failing to disclose that he was being treated for bipolar disorder, a condition Aetna contends would have rendered him uninsurable under its relevant underwriting guidelines. Plaintiff responds that there is no substantial evidence that any physician ever diagnosed her decedent with bipolar disorder and has asked, inter alia, for a copy of the underwriting guidelines pursuant to which Aetna denied coverage.

This case has progressed slowly due to Aetna's failure to timely comply with its representations at a Case Management Conference conducted June 12, 2012 that the Administrative Record would be furnished to Plaintiff's counsel. Aetna did not provide the Administrative Record until April 10, 2013, some ten (10) months after the aforementioned Case Management Conference and more than two (2) months after the deadline for dispositive motions established by this Court's Order of June 15, 2012. (Doc. 6). Moreover, Plaintiff has expressed concerns that the Administrative Record Aetna finally submitted does not include items relevant to the Court's ultimate determination here - - whether Aetna's decision to deny Plaintiff's claim was supported by the requisite reasonable basis. Accordingly, as expressly permitted by this

Court's Order of April 15, 2013 (Doc. 35), Plaintiff has sought additional discovery to expand the Administrative Record Aetna finally provided on April 10, 2013.

**B. Legal Standard**.

Federal Rule of Civil Procedure 26 (b)(1) provides in relevant part:

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26 establishes a liberal discovery policy, Great West Life Assurance Company v. Levithan, 152 F.R.D. 494, 497 (E.D.Pa. 1994). Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Brothers/Big Sisters of America, 168 F.R.D. 528, 529 (E.D.Pa. 1996); Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa. 1992)(when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery

3

need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.D., Inc. 947 F.Supp. 175, 177 (W.D.Pa. 1996); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D.Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus, 144 F.R.D. at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consolidated Industries, Inc., No. 90-1731, 1991 W.L. 21655, at 2 (E.D.Pa. Feb. 15, 1991).

The burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F.Supp. 255, 258 (E.D.Pa. 1982). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance...or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.M.Y. 1987).

**C. Discussion.**

The discovery Plaintiff seeks is not voluminous. It consists of five interrogatories and fifteen production requests. The Court will analyze the propriety of the interrogatories and production requests separately.

1. Plaintiff's Interrogatories

With regard to the Plaintiff's interrogatories, the Court concludes that interrogatories 1 and 3 have been answered adequately by Aetna. Plaintiff's request that Aetna note the differences between 2003 and 2007 plans in interrogatories 2 and 4 is asking, essentially, that Aetna perform a task that is for Plaintiff's counsel to perform - - provided that, as it appears, Aetna has furnished Plaintiff with complete copies of both the 2003 and 2007 plans.

Aetna's response to interrogatory 5 is wholly inadequate. Plaintiff's request for information regarding the role of Hewitt Associates, if any, with respect to the life insurance policy in question is calculated to lead to the discovery of relevant evidence. Plaintiff's interrogatories concerning Hewitt Associates delve into the obviously relevant question whether Aetna made its decision, at least in part, based upon information brought to its attention by Hewitt Associates. If Aetna did consider information developed by Hewitt Associates in reaching its decision to deny Plaintiff's claim for supplemental benefits, the content and

5

reliability of that information is obviously relevant. Thus, the communications from Hewitt Associates to Aetna ought to be part of the Administrative Record and ought to be made available to Plaintiff's counsel. Consequently, Aetna will be directed to answer interrogatory 5 in each of its subparts.

2. Plaintiff's Production Requests.

Aetna objects to each of the fifteen production requests made by Plaintiff on the basis that they are irrelevant, burdensome, and harassing. The Court has examined Plaintiff's fifteen production requests and finds each of them to be potentially relevant to the claims Plaintiff has advanced in her Amended Complaint.[1] Moreover, because all documents Plaintiff seeks are within Aetna's control and concern matters that Aetna should be able to produce with a minimum of effort or expense, Aetna's claim of oppression and harassment here is simply not credible.

Aetna also objects to Plaintiff's production requests for the reason that they exceed the scope of the Administrative Record that Aetna has compiled and, as such, should be beyond the scope of discovery in an ERISA action. While ERISA claims are normally decided with respect to an Administrative Record, the scope of that record cannot be unilaterally determined by the ERISA Plan Administrator. Otherwise, the Plan Administrator will be in a

---

[1] This is particularly true of the requests for underwriting guidelines that Aetna itself has placed in issue and records regarding any financial incentive programs connected to the Plan.

position to limit the Administrative Record to those facts supporting a denial while excluding other facts that might call into question the propriety of that decision. In order for this Court to determine whether the Plan Administrator's decision was supported by the requisite reasonable basis here, it should have access to all information that was before the Plan Administrator when the decision to deny benefits was made. Meinhardt v. Unisysis Corp., 74 F.3d 420 (3d. Cir. 1996); also Knoblauch v. Metro Life Insurance Company, 315 F. Supp. 2d. 636(M.D.Pa. 2004).

This Court specifically noted in its Order of April 15, 2013 (Doc. 35), that Plaintiff would be allowed discovery "if warranted." The unremarkable nature of Plaintiff's production requests followed by what this Court views as objections that lack legitimate support, persuades this Court that its prior decision to provide for discovery was prescient. Aetna has simply failed to carry its burden (see Hicks, supra) to demonstrate that most of the discovery Plaintiff seeks is improper. An Order consistent with the foregoing discussion will be filed contemporaneously herewith.

                                      S/Richard P. Conaboy
                                      Honorable Richard P. Conaboy
                                      United States District Court

Dated: November 1, 2013